UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of PLANNING AND DEVELOPMENT OF EDUCATION, INC., Applicant. | Case No. 21-mc-80242-JCS<br><br>**ORDER TO SHOW CAUSE WHY APPLICATION SHOULD NOT BE DENIED** |

On October 14, 2021, Planning and development of education, Inc., filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 permitting discovery for use in a foreign proceeding. Dkt. No. 1. The Applicant is a cram school located in Gifu, Japan. Decl. of Shigeaki Iwata (dkt. 2) ¶¶ 3–4. It seeks limited discovery from Google, LLC, to ascertain the identities of two anonymous individuals who posted statements on the Applicant's Google Maps Profile regarding the purported arrest history of one of the Applicant's administrators, which the Applicant contends constitute reputational torts under Japanese law. App. at 3.

Among other considerations in deciding whether to grant an application under § 1782, the Court must decide if the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 264–5 (2004). It is possible that applications seeking to unmask anonymous speakers and subject them to legal action for their speech might implicate "policies . . . of the United States," *see id.* at 265, related to the First Amendment.

Of particular concern to the Court in this case is the First Amendment's protection of truthful statements, especially those regarding matters of public concern. "The freedom of speech and of the press guaranteed by the Constitution embraces at the least the liberty to discuss publicly and truthfully all matters of public concern without previous restraint or fear of subsequent

punishment." *Thornhill v. State of Alabama*, 310 U.S. 88, 101–02 (1940).  "'[A]n author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment'" that, like other aspects of First Amendment protection, is subject to balancing against other interests and standards that may vary depending on the context of the speech.  *See In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) (quoting *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)).  Even where the speakers appear to be "foreign citizens outside U. S. territory" who "do not possess rights under the U. S. Constitution," *see Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 140 S. Ct. 2082, 2086 (2020), these principles underlying the First Amendment may counsel against a court of the United States exercising its discretion to aid in punishing speech, particularly truthful speech, that would be protected in this country.

Here, the Applicant does not discuss whether the reviews would be protected by the First Amendment of the United States.  Nor does the Applicant allege that the reviews contain information that is false.  The application does, however, highlight that the anonymous reviews may reveal a matter of public concern, stating that "where the arrest history of the representative of a company is disseminated, especially where the business involves children as in the case of the School, people (especially parents of the children) will tend to avoid transacting business with the School." Decl. of Kazuyuki Yasuho (dkt. 3) ¶ 13.[1]

Therefore, the Applicant is **ORDERED TO SHOW CAUSE** why the Court should not in its discretion deny the application for circumventing policies of the United States, by filing a response to this order no later than January 5, 2022.

---

[1] Kazuyuki Yasuho, a Japanese attorney, notes that Japanese law provides an affirmative defense to reputational torts if the defendant can show that the statement at issue was "(1) of public interest; (2) put forth solely for the benefit of the public; and (3) true," and suggests that the Applicant here is likely overcome such a defense not by showing falsehood, but instead by relying on the reviews' sarcastic tone and punctuation to show that they were not put forth solely for public benefit.  Decl. of Kazuyuki Yasuho ¶¶ 15–16.

2

**IT IS SO ORDERED.**

Dated: December 15, 2021

JOSEPH C. SPERO
Chief Magistrate Judge